FILED
United States Court of Appeals
Tenth Circuit

January 28, 2025

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

RASHAD JOHNSON,

    Plaintiff - Appellant,

v.

I.C. SYSTEM, INC.,

    Defendant - Appellee.

No. 24-6112
(D.C. No. 5:23-CV-00617-J)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **McHUGH**, **BALDOCK**, Circuit Judges, and **LUCERO**, Senior Circuit Judge.
_____

Rashad Johnson appeals the district court's grant of summary judgment to I.C. System, Inc. (ICS) in his civil action alleging a violation of the Fair Debt Collection Practices Act, specifically 15 U.S.C. § 1692e(8). Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## BACKGROUND[1]

Mr. Johnson had an account with Sprint that went into collection.  He called ICS about the account on May 17, 2023.  During the call, Mr. Johnson asked: "Is this balance of seven hundred and ninety-three dollars because of equipment?  Because my monthly bill wasn't that high."  Aplee. Suppl. App. at 34 (audio recording).  The ICS representative responded that the balance was, in fact "equipment plus [Mr. Johnson's] final service bill."  *Id*.  Mr. Johnson responded:  "Okay, you answered my questions.  That's pretty much all I needed.  You can have a nice day."  *Id*.  The representative made efforts to settle the debt for less than the full account balance, but Mr. Johnson declined, stating again that the representative answered his questions and he had all he needed so that he could "try to figure it out."  *Id*.  Mr. Johnson then ended the call.  The phone call lasted just under four minutes, and we have reviewed a recording of it as part of the appellate record.

After the phone call, ICS did not mark Mr. Johnson's account as disputed in its internal records, nor did it report the account as disputed in its communications with credit reporting agencies.  Mr. Johnson sued ICS, alleging this failure to so report his account constituted a violation of § 1692e(8), which prohibits a debt collector from "[c]ommunicating . . . to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed

---

[1] The facts we recite here are either undisputed or, where disputed, construed in the light most favorable to Mr. Johnson.  *See Markley v. U.S. Bank Nat'l Ass'n*, 59 F.4th 1072, 1080 (10th Cir. 2023).

debt is disputed." ICS moved for summary judgment, and the district court granted the motion.

This appeal followed.

## DISCUSSION

We review the grant of summary judgment de novo. *May v. Segovia*, 929 F.3d 1223, 1234 (10th Cir. 2019). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

The parties agree before this court, as they agreed before the district court, that the central issue on appeal is whether Mr. Johnson indicated he was disputing the debt during the May 17 phone call. If he did, ICS's subsequent failure to communicate the debt was disputed may have constituted a violation of § 1692e(8). We agree with the district court, though, that no reasonable factfinder could so construe the call.

Mr. Johnson argues the district court concluded he did not dispute the debt "because he did not use precise language." Aplt. Opening Br. at 8. He further argues the statements he made during the call—"[i]s this balance of seven hundred and ninety-three dollars because of equipment? Because my monthly bill wasn't that high"—"constitute a dispute under the FDCPA because they call into question the total amount due on the debt." *Id.* at 11 (internal quotation marks omitted).

But the district court did not arrive at its holding by requiring precise language, and the statements Mr. Johnson points to do not call into question the total

3

amount due on the debt.  Whatever ambiguities may exist regarding the reach of § 1692e(8), they do not present themselves here.  Having reviewed the audio recording, we agree with the district court that no reasonable factfinder could conclude Mr. Johnson disputed the debt during the May 17 call.  He asked a question about it, received an answer, and then ended the call.  So the district court correctly granted summary judgment to ICS.[2]

## CONCLUSION

We affirm the judgment of the district court.

Entered for the Court

Carlos F. Lucero
Senior Circuit Judge

---

[2] Because we agree with the district court that Mr. Johnson did not dispute the debt in the May 17 phone call, we need not consider ICS's proposed alternative ground for affirmance:  the bona fide error defense.